IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 27 2017

JAMES N. HATTEN, Clerk

By: _____ Deputy Clerk

Dion T. Ible
_____

SOID# 000723401, et. al.
_____
Plaintiff(s),

v. Sheriff Neil Warren
_____

Cobb County Adult Detention

Center, et. al., Defendant(s)

CIVIL ACTION NO:

**1:17-CV-5480**

## COMPLAINT

### I. JURISDICTION AND VENUE

1.) This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiffs seek declaratory relief pursuant to 28 U.S.C. 2201 and 2202. Plaintiffs claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure. The Court also has supplemental jurisdiction over any state law claims under 28 U.S.C. Section 1346.

2.) The United States District Court, Northern Division of Georgia, Atlanta Division, is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred and are occurring.

### II. Plaintiffs

3.) Plaintiffs, Dion T. Ible, et. al., SOID# 000723401 (see attached page for et. al.), are and were at all times mentioned herein prisoners of the Cobb County Adult Detention Center in Cobb County, Georgia, U.S.A.

## III. DEFENDANTS

4) Defendants, Cobb County Adult Detention Center, et. al., and N. Warren, Sheriff of Cobb County, is the head of the Cobb County Adult Detention Center. No Warren is the Sheriff, and he and his sub-ordinates are legally responsible for the overall operation of the Cobb County Adult Detention Center (▆▆ ▆ ▆▆▆▆).

5) ▆▆ ▆ Defendant is sued individually and in their official capacities. At all times mentioned in this complaint each Defendant was acting under the color of state law.

## IV. FACTS

6) During the incarceration periods for each Plaintiff, there was very excessive Black Mold in the ductwork, vents, showers of Pod 0-3 and all over the ceiling in the O Pod visitation rooms and area. The Black Mold is causing breathing difficulties, respitory distress, headaches, itching, rashes, and other health problems for inmates and staffg and have potential for future health problems.

## V. EXHAUSTION OF LEGAL REMEDIES

7) Plaintiffs have complained to officers and staff listed as Defendants, used the prisoner grievance system available, and made health complaints to the medical department. All grievances have been ignored or denied or explained as "the showers are clean". Responses to Black Mold complaints have not fixed or addressed the air quality problems. Cobb County Adult Detention Center staff acknowledges the problem with Black Mold and has failed to eliminate the Black Mold in the ductwork.

## VI. LEGAL CLAIMS

8. Plaintiffs reallege and incorporate by reference paragraphs #1 through 7.

9.) The deliberate indifference to the Black Mold problem, unsafe air quality conditions, violates Plaintiff's Eighth Amendment right to cruel and unusual punishment under the United States Constitution.

10.) The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendants unless this Court grants the declarative and injunctive relief which Plaintiffs seek.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter a judgement granting Plaintiffs:

11.) A declaration that the acts and omissions described herein violated Plaintiffs' rights under the Constitution and Laws of the United States.

12.) A preliminary and permanent injunction ordering Defendants to immediately remove all inmates at the Cobb County Detention Center from all areas that have Black Mold in the ductwork, vents, showers, cielings, etc and have all areas certified by a Black Mold removal specialist at a certified company that performs Black Mold restoration services before inmates are returned to the previously affected areas.

13.) Compensatory damages for each Plaintiff in the amount of $1500.00 per day of incarceration in an area affected by Black Mold against each Defendant, jointly and severally.

14.) Any and all future health costs associated with exposure to Black Mold for each Plaintiff.

15.) Punitive Damages in the amount of #100,000.$^{00}$ against each Defendant.

16.) A jury trial on all issues trialable by jury.

17.) All Plaintiff's costs in this suit.

18.) Any additional relief this Court deems just, proper, and equitable.

Dated: <u>12-20-17</u>

7/13

## VERIFICATION

We, Plaintiffs, have read the foregoing complaint and hereby verify that the matters alleged therein are true. I certify under penalty of perjury that the foregoing is true and correct.

