# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DION T. IBLE, | : | PRISONER CIVIL RIGHTS |
| SOID# 000723401, | : | 42 U.S.C. § 1983 |
|    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:17-CV-5480-AT-CMS |
| SHERIFF NEAL WARREN, et al., | : | |
|    Defendants. | : | |

## FINAL REPORT AND RECOMMENDATION

For the reasons set forth below, I **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE**.

In August 2017, Cobb County Adult Detention Center detainee Dion T. Ible filed a civil rights complaint, (A) alleging that he was being held in unconstitutional conditions of confinement and (B) attaching a page naming 31 other detainees as his "co-plaintiffs." *See Ible v. Cobb Cty. Det. Ctr.*, No. 1:17-CV-3183-AT (N.D. Ga. 2017) [Doc. 1 therein]. Neither Ible, nor any of his "co-plaintiffs," however, paid the case initiation fees or sought permission to proceed *in forma pauperis* ("IFP").

I issued a Final Report and Recommendation that stated, in pertinent part, as follows:

The United States Court of Appeals for the Eleventh Circuit has held that prisoners may not join together in a multi-plaintiff [IFP] civil rights action "[b]ecause the plain language of the [Prison Litigation Reform Act of 1995 (the "PLRA")] requires that each prisoner proceeding IFP pay the full filing fee" and proceed in a separate case. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001). Accordingly, each prisoner who wishes to proceed further with these 'black mold' claims must "file a new, individual complaint, and either pay the full filing fee or submit an individual motion to proceed [IFP]." *Bowens v. Turner Guilford Knight Det.*, 510 F. App'x 863, 863 (11th Cir. 2013) (affirming district court's decision to dismiss a multi-plaintiff IFP prisoner civil rights action pursuant to *Hubbard v. Haley*). Thus I have recommended above dismissal without prejudice of this case.

To assist the [prisoner-plaintiffs], I **DIRECT** the Clerk to send a copy of this Final Report and Recommendation to each person whose name is listed on Attachment #1, *see* [1] at 5, at the Cobb County Detention Center. Each [prisoner-plaintiff] can obtain copies of this Court's § 1983 complaint form and IFP affidavit form either from the Cobb County Detention Center library or online at http://www.gand.uscourts.gov/prisoner-forms. Each prisoner-plaintiff is specifically cautioned that, if he chooses to proceed further, he must fully-disclose on this Court's § 1983 complaint form *all* litigation that he has previously filed in federal court while incarcerated, *including this case.*

*Id.* [Doc. 2 therein] at 2-3 (emphasis in original).

Neither Ible, nor any of his "co-plaintiff's" filed objections to my Final Report and Recommendation, and the Honorable Amy J. Totenberg approved and adopted it, stating "[t]he individual prisoner-plaintiffs may

file individual claims following the procedures outlined in the Magistrate Judge's Report and Recommendation." *Id.* [Doc. 4 therein] at 2.

Ible's new civil rights complaint is non-compliant with the procedures explained to him in three significant respects. First, Ible did not use this Court's § 1983 complaint form, which specifically requires disclosure of prior litigation. Second, Ible, in any event, omitted any disclosure of his November 2017 complaint from the new complaint he has submitted. And, third, Ible has not paid the cases initiation fees due or submitted an IFP application.

Because Ible did not comply with the procedures outlined in the Final Report and Recommendation in his prior case, which the Order dismissing that case directed him to follow, his present complaint is subject to dismissal without prejudice. *See* LR 41.3A(2), NDGa. (permitting dismissal for non-compliance with a lawful court order). *See also Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2003) ("we have explained that failure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal) (citing *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997), and

*Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)).

If Ible files any Objections to this Final Report and Recommendation, I **ORDER** him to submit with those Objections either (1) the $400 due in case initiation fees, or (2) an IFP application that complies in *all* respects with 28 U.S.C. § 1915.

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO RECOMMENDED, ORDERED, AND DIRECTED**, this 25th day of January, 2018.

_____
Catherine M. Salinas
United States Magistrate Judge